```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| CHERYL FOLLOWELL, as personal        ) | |
| representative of the estate of      ) | |
| Betty Jean Gurley (deceased),        ) | |
|                                      ) | |
|     Appellant,                       ) | |
|                                      ) | |
| v.                                   ) | |
|                                      ) | No. 05-2423 |
| GEORGE E. MILLS, JR.,                ) | |
|                                      ) | |
|     Appellee.                        ) | |
|                                      ) | |

_____

**ORDER AFFIRMING IN PART, REVERSING IN PART, AND VACATING IN PART DECISION OF THE BANKRUPTCY COURT**
_____

This appeal arises out of an adversary proceeding filed by Appellant Cheryl Followell ("Followell") in the United States Bankruptcy Court for the Western District of Tennessee. The suit was filed to recover twenty-two million dollars paid to Appellant George E. Mills, Jr., ("Mills") as a claimant in the chapter 11 bankruptcy case of Betty Jean Gurley ("Gurley"). Followell appeals two orders of the bankruptcy court, the October 14, 2004, order granting Mills' motion for a protective order and the April 4, 2005, order granting Mills' motion to dismiss.

This appeal was filed on June 1, 2005. Followell filed her brief on June 24, 2005. Mills filed his answer on July 12, 2005. Followell's reply brief was filed on July 25, 2005. For the

following reasons, the decision of the bankruptcy court is AFFIRMED in part, REVERSED in part, and VACATED in part.

## I. Background

Gurley and her husband, William Gurley, were partners in several businesses. (Appellant's Br. 14.) On July 26, 1995, William Gurley filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida ("Florida bankruptcy court"). (Id. at 15.) Mills was appointed trustee of William Gurley's bankruptcy estate. (Id. at 16.) In that capacity, Mills filed an adversary proceeding against Gurley on April 25, 1996, alleging that William Gurley had fraudulently transferred assets to Gurley or that the transfer of assets had not been completed. (Id.) The parties mediated the issue and signed a settlement agreement that would have resolved all of the claims against Gurley for one million dollars. (Id.)

The Florida bankruptcy court, however, denied the motion for approval of the settlement, filed by Mills. (Id. at 17, 23.) Followell alleges that the Florida bankruptcy court did not approve the settlement because Mills and his attorney, James Foster ("Foster"), made fraudulent claims to the court about the value of the transferred assets "to make it appear to [the Florida bankruptcy court] that the $1 million settlement was no longer reasonable." (Id. at 19.) Followell further alleges that Gurley was not aware that Mills and Foster had made such

representations to the court because they insisted that the Gurleys not attend the settlement hearing. (Id.) The Gurleys allegedly consented to this request because they believed that Mills and Foster would argue in favor of the settlement. (Id.)

Mills and Foster assert that the Gurleys did not disclose during the course of the settlement negotiations all of the transferred assets. Specifically at issue are two Nevada mining claims that William Gurley transferred to Gurley within the limitations period for transfers under the Bankruptcy Code. (Compl. Ex. B at 14.) Those assets were discovered between the final settlement negotiations and Mills' filing of the motion for approval of the settlement. Before Mills filed the motion, Foster asked William Gurley's attorney to investigate the assets. (Id. Ex. B at 14-15.) Based on the findings of William Gurley's attorney, Mills concluded that the assets had negligible value. (Id. Ex. B at 15.)

Two expert valuations of the Nevada mining claims, however, caused Mills to doubt his initial conclusions. (Id. Ex. G at 3:8-20.) After twice asking for additional time to research the undisclosed assets, Mills withdrew on the record his support for the motion for approval of the settlement. (Id. Ex. G at 5:14-17.) Attorneys representing both William and Betty Jean Gurley were present at that hearing and did not object to Mills' withdrawal of his support for the motion. (Id. Ex. G.)

After the settlement had been rejected, the case proceeded to trial. On August 15, 1997, the Florida bankruptcy court found that William Gurley exercised control and dominance over all assets transferred to his wife, making them her assets in name only. (Compl. Ex. J at 26.) The court also found that the transfer of certain assets was ineffective. (Id. Ex. J at 25.)

In response to Mills' attempt to seize control of Gurley's assets under the authority of the Florida bankruptcy court decision, Gurley filed a voluntary bankruptcy petition under chapter 11 on October 20, 1997, in the United States Bankruptcy Court for the Western District of Tennessee. (Appellant's Br. 24.) On November 3, 1997, in his capacity as trustee of William Gurley's bankruptcy estate, Mills filed a proof of claim, which the bankruptcy court allowed in the amount of $22,053,956. (Compl. ¶ 5.) That amount was paid in full, and the case was closed on February 11, 2000. (Appellant's Br. 25.)

Gurley died on May 2, 2003, and her daughter, Followell, was appointed personal representative of Gurley's probate estate. (Compl. ¶ 1.) Gurley's bankruptcy case was reopened on February 6, 2004. On May 6, 2004, Followell filed this adversary proceeding, seeking to recover the twenty-two million dollars paid to William Gurley's bankruptcy estate. Followell's complaint alleges that she "recently discovered that the 1997 judgment [of the Florida bankruptcy court] was procured by fraud perpetrated

4

by the Trustee and Foster" by "us[ing] their improper influence over [the court] to fabricate evidence and to corrupt the very integrity of the judicial process." (Id. ¶ 8.) She, therefore, asks that the judgment of the Florida bankruptcy court be set aside. (Id. ¶ 9.) The complaint alleges four counts: fraud upon the court, violation of duty of candor, abuse of process, and declaratory judgment and enforcement of settlement agreement.

Mills filed a motion to dismiss or strike the complaint on June 28, 2004. Followell filed an objection to the motion on July 22, 2004, and a hearing on the motion was held before the bankruptcy court on July 29, 2004. Mills filed a motion for a protective order to stay discovery on August 11, 2004, and on October 14, 2004, after the motion had been fully briefed and a hearing held, the bankruptcy court granted Mills' motion for a protective order. The order stated that it would remain in force if the court granted Mills' pending motion to dismiss, but would be dissolved if the motion to dismiss were denied. (Protective Order 2.)

On April 4, 2004, the bankruptcy court granted Mills' motion to dismiss without prejudice. The bankruptcy court found that the complaint failed to state a claim for fraud upon it, rather the allegations of fraud upon the court all depended on the allegations of fraud against the Florida bankruptcy court. (Dismiss Order at 5-6.) Therefore, the bankruptcy court held that

5

the Florida bankruptcy court alone had jurisdiction to hear Followell's allegations of fraud upon the court. (Id.) The complaint was dismissed without prejudice to refile if Followell should successfully vacate the judgment of the Florida bankruptcy court. (Id. at 6.) The bankruptcy court entered judgment on April 5, 2005, and Followell filed a notice of appeal on April 12, 2005.

**II. Jurisdiction**

This court has jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts under 28 U.S.C. § 158(a).

**III. Standard of Review**

"On appeal from a bankruptcy court, a district court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law de novo." In re Gardner, 360 F.3d 511, 557 (6th Cir. 2004). Jurisdictional questions are reviewed de novo. In re Brown, 248 F.3d 484, 486 (6th Cir. 2001). A court considering a motion to dismiss for lack of subject matter jurisdiction must take all facts alleged in the complaint to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Dismissal for failure to state a claim is also reviewed de novo. Miller v. Champion Enters., Inc., 346 F.3d 660, 671 (6th Cir. 2003). "Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted

against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

Decisions as to discovery are reviewed for abuse of discretion on appeal. Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999).

**IV. Analysis**

   **A. Fraud Upon Florida Bankruptcy Court**

"[A] bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry." Pepper v. Litton, 308 U.S. 295, 305 (1939) (internal citation omitted). The Supreme Court has held that, because even creditors with a judgment must submit a proof of claim, the bankruptcy court may disallow or subordinate a claim based on a finding "that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party." Heiser v. Woodruff, 327 U.S. 726, 736 (1946). The bankruptcy court may not, however, reexamine issues already raised before and determined by the court that handed down the judgment. Id. at 736-37.

   Mills asserts that, although a bankruptcy court may look behind judgments allegedly procured by intrinsic or extrinsic fraud, it may not look behind a judgment allegedly procured through fraud upon the court because "the proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud." Weisman v. Charles E. Smith Mgmt., Inc., 829 F.2d 511, 513 (4th Cir. 1987).

Whether a judgment "procured by fraud of a party" includes judgments procured by fraud upon the court has rarely been addressed. In <u>Browning v. Navarro</u>, 826 F.2d 335 (5th Cir. 1997), the Fifth Circuit found that "judgment procured by fraud of a party" under <u>Heiser</u> included "the corrupt abuse of the judicial process," or fraud upon the court. <u>Id.</u> at 345. The court noted, in reaching its conclusion, that if a bankruptcy court may set aside a judgment based on lesser types of fraud, it should have the power to set aside a judgment based on more egregious fraud. <u>Id.</u> at 344.

The Tenth and Fourth Circuits have also addressed this issue in dicta. In <u>In re Laing</u>, 945 F.2d 354 (10th Cir. 1991), the court notes that the decision in <u>Browning</u> is "consistent with [its] view...that 'fraud in the procurement of a judgment' sufficient to warrant relief therefrom is properly identified with 'fraud on the court.'" <u>Id.</u> at 358. In <u>In re Genesys Data Technologies, Inc.</u>, 204 F.3d 124 (4th Cir. 2000), the court accepts without discussion the view of the district court "that fraud upon the [state] court could provide grounds to refuse to enforce the default judgment." <u>Id.</u> at 130. In both cases, however, the courts found that the fraud alleged did not rise to the level of fraud upon the court. <u>Id.</u> at 132; <u>Laing</u>, 945 F.2d at 358.

Because Mills' proof of claim before the bankruptcy court was based on the Florida bankruptcy court judgment, "the court

may look behind the judgment to determine the essential nature of the liability for purposes of proof and allowance." Pepper, 308 U.S. at 305-06. This is true in the case of fraud upon the court, as well as lesser types of fraud. Therefore, the bankruptcy court's finding that it does not have jurisdiction to hear Followell's claims of fraud upon the Florida bankruptcy court is reversed.

The bankruptcy court has not determined whether Followell has sufficiently stated a claim for fraud upon the court and has not addressed other assertions made by Mills in his motion to dismiss or strike. This court will not rule on issues not addressed by the bankruptcy court.

### B. Fraud Upon Tennessee Bankruptcy Court

The bankruptcy court correctly found that the complaint contains no allegations of fraud upon it that were independent of the allegations of fraud upon the Florida bankruptcy court, which would generally prevent a federal court from addressing claims for fraud upon its own court. See Anderson v. Roszkowski, 681 F. Supp. 1284, 1292 (N.D. Ill. 1988) (federal judgments could not be overturned because of allegations of fraud on the court, where overturning federal judgments would first require overturning state judgments, which the court had no authority to review). Because, however, the court has found that the bankruptcy court has the power to look behind a judgment to determine whether to disallow or subordinate a claim, the bankruptcy court may address

10

Followell's claims of fraud upon the Florida bankruptcy court and may also address the claims of fraud upon it that arise out of the Florida bankruptcy court allegations.

Therefore, the bankruptcy court's finding that Followell's complaint does not state a claim for fraud against it is vacated. The court makes no finding, however, about whether Followell's allegations are sufficient to state a claim for fraud upon the Tennessee bankruptcy court because that court's previous finding was based on its erroneous finding that it lacked jurisdiction to examine the allegations of fraud upon the Florida bankruptcy court.

### C. Protective Order

The bankruptcy court did not abuse its discretion in granting Mills' motion for a protective order. The protective order stays discovery only until Mills' motion to dismiss is decided. If the motion is granted, the issue of discovery is moot. If the motion is denied, the protective order will be dissolved. Although Followell asserts that the bankruptcy court abused its discretion by allowing one-sided discovery and that Mills has been able to use information obtained through discovery against her, a motion to dismiss is decided by examining the complaint, making additional evidence obtained through discovery irrelevant. Therefore, Followell has not suffered any undue prejudice by being forbidden to conduct discovery until the

motion to dismiss is decided. The decision of the bankruptcy court as to discovery is affirmed.

## V. Conclusion

The bankruptcy court's finding that it does not have jurisdiction to address Followell's allegations of fraud against the Florida bankruptcy court is REVERSED.

The bankruptcy court's finding that Followell's complaint does not state a claim for fraud against it is VACATED.

The bankruptcy court's order granting Mills' motion for a protective order to stay discovery is AFFIRMED.

So ordered this 31st day of March 2006.

        s/Samuel H. Mays, Jr.
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE